UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ADRIAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:04-CV-003 |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| OFFICER THOMAS BUTTRY and | ) | |
| OFFICER SCOTT BALES, individually and | ) | |
| as officers of the Chattanooga, Tennessee | ) | |
| Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M**

This action is filed by Plaintiff Adrian Smith against Defendants Thomas Buttry and Scott Bales, each sued individually and in his official capacity as an officer of the Chattanooga, Tennessee Police Department (Court File No. 1, Complaint). Plaintiff alleges a variety of state law claims as well as federal claims under 42 U.S.C. §§ 1983 and 1985.

This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. Upon the consent of the parties to the exercise of jurisdiction over this case by a United States Magistrate Judge, the action has been referred for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (Court File No. 8).

Before the Court is the Defendants' motion for partial summary judgment (Court File No. 14). In resolving this motion, the Court has considered the Defendants' supporting brief and exhibits (Court File Nos. 14 and 15) and Plaintiff's response (Court File No. 18). Although Plaintiff filed a response to the motion, he did not submit any authority or probative evidence in opposition to the

entry of partial summary judgment. For the following reasons, the Court **WILL GRANT** the Defendants' motion for partial summary judgment (Court File No. 14) as set forth herein.

I.  **STANDARD OF REVIEW**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issues of material fact exist, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323.

The Court determines whether sufficient evidence has been presented to make an issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-

sided that one party must prevail as a matter of law." *Id.* at 251-52. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. RELEVANT FACTS

The parties agree this action is essentially the same case filed by Plaintiff against the Defendants in an action captioned *Adrian Smith v. Officer Thomas Buttry and Officer Scott Bales, each sued individually and as members of the Chattanooga, Tennessee Police Department; and the City of Chattanooga, Tennessee*; E.D. Tenn. Case No. 1:01-CV-225 (the "original case"). A primary difference between the original case and this case is that the City of Chattanooga is not a party defendant in this case.[1] Both the original case and this case arise out of the arrest of the Plaintiff on July 22, 2000.

In the original case, this Court granted the Defendants' motion for judgment on the pleadings and partial summary judgment and thereby dismissed some of Plaintiff's original claims, and the Court's opinion contains a recitation of the undisputed facts, which is incorporated herein by reference (Court File No. 14, parts 3 and 4; *see also* Case No. 1:01-CV-225, Court File Nos. 23 and 24). Subsequently, the Plaintiff filed a stipulation of dismissal of the original case without prejudice as to the remaining claims (Court File No. 14, part 5; *see also* Case No. 1:01-CV-225, Court File

---

[1] The parties have styled their respective pleadings concerning the motion for partial summary judgment as if the City of Chattanooga were a party herein. This oversight causes confusion and should be avoided in future filings.

No. 25). Plaintiff then appealed the summary judgment order to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") (Case No. 1:01-CV-225, Court File No. 26), which in turn affirmed the opinion of this Court granting partial summary judgment (Court File No. 14, part 6; *see also* Case No. 1:01-CV-225, Court File Nos. 27 and 28; *Smith v. Buttry*, No. 03-5201, 2004 WL 2030308 (6th Cir. Sept. 7, 2004)).

The Complaint in this action was filed on January 7, 2004, eight months before the Sixth Circuit rendered its decision in the original case. The Complaint is essentially the same as the complaint filed in the original case except the City of Chattanooga was not named as a party in this action, as mentioned above. However, the Complaint continues to allege that the Defendants are being sued in their official capacities (*see* Court File No. 1, ¶ IV).

The Defendants submit that Plaintiff's false arrest, false imprisonment, and malicious prosecution claims under § 1983 and state law and his conspiracy claim under § 1985 are barred by the doctrines of issue preclusion and claim preclusion because Plaintiff fully litigated these claims against the Defendants in the original case, the Court entered judgment on these claims adverse to the Plaintiff, and the judgment was upheld by the Sixth Circuit.[2] Plaintiff does not dispute any of the Defendants' factual or legal assertions, but instead states he would object to the granting of any relief in excess of that granted by this Court in the original case (Court File No. 18, at 1). In other words, both parties appear to be making the argument that this Court's ruling in the original case, as upheld on appeal, is binding.

---

[2] The parties entered into a Stipulation of Dismissal without prejudice as to the remaining claims (Case No. 1:01-CV-225, Court File No. 25), which had the practical effect of dismissing the § 1983 excessive force claims together with the underlying pendent state statutory and common law assault and battery claims.

4

## III. DISCUSSION

A person may sue to vindicate the denial of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To establish liability under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law. *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000).

With regard to Plaintiff's claims against the Defendants in their individual capacities, issue preclusion prevents Plaintiff from pursuing any claims other than his excessive force claims under § 1983 and the underlying state statutory and common law. Issue preclusion, sometimes referred to as collateral estoppel, refers to the effect of a judgment in preventing relitigation of a matter that has already been litigated and decided. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984); *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn*, 126 F.3d 849, 852 (6th Cir. 1997). Where a federal court applies issue preclusion on the basis of a previous federal court judgment,[3] the precise application of issue preclusion depends on the subject matter (*i.e.*, federal question or diversity of citizenship) of the case in which the previous judgment was rendered.

---

[3] Relatedly, where a federal court considers the preclusive effect of a state court judgment, the federal court is required to apply the doctrine of issue preclusion in the same manner as would a court in the State where the earlier judgment was rendered. 28 U.S.C. § 1738; *Migra*, 465 U.S. at 81; *Heyliger*, 126 F.3d at 851-52.

On the one hand, "federal issue preclusion law applies to federal judgments in federal question cases." *In re Trantham*, 304 B.R. 298, 305 (B.A.P. 6th Cir. 2004). Federal issue preclusion applies to prevent relitigation of a matter when:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Hammer v. INS*, 195 F.3d 836, 840 (6th Cir. 1999).

On the other hand, where the previous federal court judgment was issued in a diversity of citizenship case, federal common law directs the subsequent court to apply the same preclusive law that would be applied by a state court in the State in which the federal court that issued the previous judgment sits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001) (explaining this federally prescribed rule of decision provides uniformity as to the effect of judgments based on state substantive law whether the judgment was issued by a state or a federal court; holding Maryland state court should have applied California preclusive law to determine preclusive effect of judgment issued by California federal court sitting in diversity); *Quality Measurements Co. v. IPSOS S.A.*, No. 01-3208, 56 F. App'x 639, 643 (6th Cir. 2003). Because the previous judgment at issue here was rendered by a federal court sitting in Tennessee, the application of issue preclusion as to the substantive state law claims decided in that judgment should be determined under Tennessee preclusive law. Under Tennessee law, issue preclusion:

> operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. . . . To sustain a plea of [issue preclusion] it must be shown, inter alia, that the issue

6

> sought to be concluded not only was litigated in the prior suit but was necessary to the judgment in that suit. 22 *Tenn. Jurisprudence*, pp. 111-12.

*Massengill v. Scott*, 738 S.W.2d 629, 632 (Tenn. 1987) (quoted in *Heyliger*, 126 F.3d at 852). To successfully invoke issue preclusion under Tennessee law, a party must demonstrate:

> 1. that the issue sought to be precluded is identical to the issue decided in the earlier suit; . . .
> 2. that the issue sought to be precluded was actually litigated and decided on its merits in the earlier suit; . . .
> 3. that the judgment in the earlier suit has become final; . . .
> 4. that the party against whom [issue preclusion] is asserted was a party or is in privity with a party to the earlier suit; . . . and
> 5. that the party against whom [issue preclusion] is asserted had a full and fair opportunity in the earlier suit to litigate the issue now sought to be precluded. . . .

*Beaty v. McGraw*, 15 S.W.3d 819, 824-25 (Tenn. Ct. App. 1998) (footnotes with supporting citations omitted).

In the original case, Plaintiff fully litigated the federal and state issues regarding false arrest, false imprisonment, malicious prosecution, and conspiracy, and this Court's prior dismissal of those claims has been upheld on appeal. The Defendants have demonstrated in this action, and the Plaintiff does not disagree, that issue preclusion applies to prevent the relitigation of the false arrest, false imprisonment, malicious prosecution, and conspiracy claims alleged in Plaintiff's Complaint. Thus, the Defendants are entitled to a summary judgment on these claims against them in their individual capacities.

To the extent Plaintiff alleges claims against the Defendants in their official capacities as officers of the Chattanooga Police Department, summary judgment on these claims is also appropriate. Claims against an officer in his official capacity are the equivalent of claims against the officer's employer. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, the claims

against the Defendants in their official capacities are actually claims against the City of Chattanooga. Plaintiff fully litigated his claims against the City of Chattanooga in the original case, the Court granted summary judgment on those claims in that case, and that judgment was affirmed on appeal. Under the authority set forth above, issue preclusion prevents the relitigation of Plaintiff's claims against the Defendants in their official capacities. Therefore, because issue preclusion applies, the Court will grant summary judgment on the § 1983 claims against the Defendants in their official capacities.

In the original case, the individual Defendants acknowledged that there is a genuine issue of material fact on the § 1983 excessive force claims and the state law assault and battery claims against them (Court File No. 14, part 4, at 7; *see also* Case No. 1:01-CV-225, Court File No. 23, at 7). According to their brief, the partial summary judgment the Defendants now seek would not dismiss the § 1983 excessive force claims or the underlying state law claims relating to unlawful assault or battery (Court File No. 15, at 5). Thus, the Court will not grant summary judgment on these claims. Plaintiff's claims of state law assault and battery and the 42 U.S.C. § 1983 excessive force claims remain as to the Defendants in their individual capacities, and the parties shall be prepared to proceed to trial on those claims.

**IV.    CONCLUSION**

For the reasons stated above, the Court **WILL GRANT** Defendants' Motion for Judgment on the Pleadings and/or for Partial Summary Judgment (Court File No. 14). The Court **WILL DISMISS** all claims against the Defendants in their official capacities, and **WILL DISMISS** the § 1985 conspiracy claims as well as the § 1983 false arrest, false imprisonment, and malicious

8

prosecution claims and the underlying state law claims against the Defendants in their individual capacities. Plaintiff's claims of state law assault and battery and § 1983 excessive force remain against the Defendants.

An Order shall enter.

*s/Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE